IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10–cv–01143–MSK–KMT

AUSTIN VERLAND RAY JR.,

    Plaintiff,

v.

ELKHORN RANCH HOMEOWNERS ASSOCIATION, INC.,

    Defendant.

---

# AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before this court on the Order to Show Cause [Doc. No. 23] ("Order) filed September 15, 2010. This Amended Recommendation of United States Magistrate Judge hereby supplants and replaces Doc. No. 25, Order and Recommendation of United States Magistrate Judge, filed October 1, 2010.

    *Procedural History*

    As set forth more fully in the Order, the initial Scheduling Conference in this matter was set on September 14, 2010 at 9:30 a.m. The court delayed the scheduling conference for approximately ten minutes awaiting an appearance by the plaintiff; however, the plaintiff did not appear, nor did he contact the court in any way to explain his absence.

All court notices, both before and after the Scheduling Conference, have been mailed to the plaintiff at 2487 Antelope Ridge Trail, Parker, Colorado 80138, the address provided by the plaintiff. No document sent to the plaintiff at that address has been returned as undeliverable by the Postal Service.

At the Scheduling Conference, counsel for Defendant, William Short, indicated that neither he nor any other person in his office had been able to make contact with Plaintiff in an attempt to prepare the Proposed Scheduling Order. Mr. Short indicated that the Antelope Ridge Trial property provided by the plaintiff had been foreclosed upon and that he knew the Plaintiff did not reside at the address. However, Mr. Short advised his office had no different address for the plaintiff and that no mail sent by defense counsel to Mr. Ray at the Antelope Ridge Trial property had been returned as undeliverable. As of this date, Plaintiff has not provided the court with any forwarding address or method of contact.

According to the status report filed by the Defendant [Doc. No. 20], the defendant has attempted "at least [on] six different occasions" to contact the plaintiff by telephone at the number supplied as part of the Complaint, but has been unable to make contact with the plaintiff and the phone number is now disconnected. *Id*. at 2. The defendant also tried to contact Plaintiff at an alternate number where the voicemail message indicated the ability to leave a message for "Austin Ray," however in spite of leaving multiple messages, the plaintiff has not returned any calls.

Subsequent to the Scheduling Conference, the Court entered its Order to Show Cause directing the Plaintiff to appear in person for a hearing on October 1, 2010 at 9:00 a.m. to show

cause why his case should not be dismissed for failure to prosecute. The Order warned Plaintiff that continued failure to ignore his obligations in the case[1] might result in dismissal for failure to prosecute the action. (Order at 3-4.)

On October 1, 2010, counsel for the defendant appeared in person at 9:00 a.m. for the hearing. The court delayed the hearing for approximately fifteen minutes, however, the plaintiff did not appear. As of the time of the drafting of this Amended Recommendation, the plaintiff has made no contact with the court. Defense counsel advised that plaintiff has not contacted his office subsequent to the issuance of the Order to Show Cause.

*Analysis*

The plaintiff has refused to comply with the District of Colorado's Local Rules of Practice by, among other things, refusing to provide the Clerk's Office with their current address. The Local Rules of Practice for the United States District Court for the District of Colorado, Rule 10.1(M) provides:

> **Notice of Change of Address, E-mail Address, or Telephone Number**. Within ten days after any change of address, e-mail address (including any change of e-mail address to be used in the account maintenance link in ECF), or telephone number of any attorney or *pro se* party, notice of the new address, e-mail address, or telephone number shall be filed.

*Id.*

---

[1] Subsequent to the filing of the Complaint on May 17, 2010, the Plaintiff has filed nothing at all in this civil action, nor has he made any contact with the court. On July 6, 2010, the Defendant filed a Motion to Dismiss [Doc. No. 9], to which the Plaintiff has not filed any responsive pleading.

Each plaintiff bears the responsibility of complying with Court Orders and attending hearings. Given the complete and utter lack of participation in this case, the court must consider whether a dismissal pursuant to Fed. R. Civ. P. 41 is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10 th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2369, at 576-77 & n.1 (3d ed. 2008).

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

*Id. See* Fed. R. Civ. P. 41(b).

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party

in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions." *Id.* at 921"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir.1988) (citations omitted). Consideration of the *Ehrenhaus* factors weighs heavily in favor of dismissal with prejudice.

In this case, the Plaintiff filed a case and obtained service, but since that time has taken no other action in the matter. The defendant cannot reach the plaintiff in order to conduct discovery. The plaintiff has not responded to motions, not attempted to participate in scheduling events in the case, nor has he appeared in court when ordered. He has wasted judicial resources and has caused the defendant to incur attorney fees and costs to defend an action he clearly has abandoned.

The defendant has filed a notice stating that although it has incurred costs and fees to defend this action, it believes any award will be uncollectible and does not want to further expend fees associated with filing an accounting.

Therefore, it is **RECOMMENDED**

This case be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of October, 2010.

BY THE COURT:

_/s/ Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge